## 15170.   ROWDEN *et al. v.* SCHACKTER.

The evidence authorized the verdict complained of, which was a finding
on a dispossessory warrant in favor of a landlord against a tenant for
double rent for one month, it appearing from uncontradicted evidence
that the tenant had held the rented premises for one month beyond the
period of the sixty-days notice prescribed by law for such cases, as well
as beyond his term of rental, for which he had made no payment.

DECIDED MARCH 6, 1924.

Certiorari; from Fulton superior court—Judge Humphries.  October 30, 1923.

*R. R. Jackson,* for plaintiffs in error.

*Hewlett & Dennis,* contra.

LUKE, J.   Mrs. Schackter instituted in the municipal court of
Atlanta her statutory proceeding against Rowden to evict him from
certain premises as a tenant holding over and beyond his term.   He
interposed his counter-affidavit, averring that his term of rent had
not expired and denying that he was holding over and beyond his
term.   By amendment he alleged that he had previously occupied
the rented premises at $75 per month, under a written contract, and
that he subsequently accepted the plaintiff's written offer to rent
him the premises in question "at the price of $65 per month as
long as defendant wished to occupy the same at said price."   He
further alleged that, in pursuance of the latter agreement, he ex-
pended $15 in painting the floor of the house and paid a water
bill of $2.20 for the plaintiff, which sums he sought to set off
against her claim for rent.   He admitted his indebtedness to her
"in the sum of $57.30 for one month and four days rent at the
price of $65.00 per month, less the sum of $17.20 herein set out."
Upon the trial Mrs. Schackter testified that she had previously
rented the premises to Rowden at $75 per month, under a written
contract; that in April, 1922, he wrote her for a reduction of the
rent; that she thereupon reduced the rent to $65 per month for
two months, with the understanding that, at the end of that period,
she would repossess the premises for the purpose of remodeling the
house; and that he thereafter paid only $65 per month for the
rented premises.   The notice to vacate was dated June 7, 1922, and
the sixty-day period expired August 6, 1922.   The premises were
vacated on September 6, 1922, the defendant leaving one month's
rent unpaid.   To establish his alleged contract at $65 per month,

the defendant testified that, in April, 1922, he received from plaintiff a letter saying: "I have changed my mind in regards to remodeling the building, and if you have not made other arrangements, you may stay there as long as you desire to stay. Please notify me by return mail." He testified that the original letter was lost, and undertook to quote its contents from memory. No effort to show the defendant's written acceptance of that offer was made. The plaintiff denied having written any such letter, and no proof was offered to show that her name was signed thereto either by her or by authority from her. Defendant further testified to his alleged expenditures for painting the floor of the house and for water, but claimed no authority from the plaintiff for so doing other than his reliance upon the alleged letter which he claimed to have received from the plaintiff as above set out. The jury returned a verdict in favor of the plaintiff for double rent for one month. On certiorari the finding of the jury was sustained by the superior court, and a writ of error was then brought to this court.

Under the pleadings and the evidence, the verdict was demanded. Rulings in the admission and exclusion of evidence, of which complaint is made in the petition for certiorari, are not of such materiality as to affect this result; and, where the verdict is demanded by the evidence, alleged errors in the charge of the court afford no cause for setting the verdict aside.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*